In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3424

IN RE:
PEREGRINE FINANCIAL GROUP, INC.,

*Debtor*,

SECURE LEVERAGE GROUP, INC., *et al.*,

*Appellants*,

*v.*

IRA BODENSTEIN,

*Appellee*,

and

COMMODITY FUTURES TRADING COMMISSION,

*Intervenor-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-05024 — **John J. Tharp, Jr.**, *Judge.*

---

No. 16-3425

IN RE:
PEREGRINE FINANCIAL GROUP, INC.,

*Debtor*,

ROBERT MILLER, *et al.*,

*Appellants*,

*v.*

IRA BODENSTEIN, Trustee of Estate of
Peregrine Financial Group, Inc.,                *Appellee.*

―――――――――

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-cv-04260 — **John J. Tharp, Jr.**, *Judge.*

―――――――――

ARGUED MAY 30, 2017 — DECIDED AUGUST 7, 2017
AMENDED AUGUST 8, 2017

―――――――――

Before WOOD, *Chief Judge*, and RIPPLE and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge.* This is a consolidated appeal from judgments entered by the bankruptcy court and affirmed by the district court, in favor of the defendant Ira Bodenstein, the Chapter 7 trustee of the estate of Peregrine Financial Group ("Peregrine"). Peregrine was a registered futures commissions merchant (FCM) and a registered forex dealer member of the

National Futures Association. In addition to futures, Peregrine dealt in retail foreign currency transactions ("retail forex") and spot metal transactions. The plaintiffs are investors who executed retail forex and spot metal contracts with Peregrine.

This consolidated appeal arose out of a series of events which culminated in Peregrine's bankruptcy filing. In July 2012, the Commodity Futures Trading Commission notified Russell L. Wasendorf, Peregrine's Chief Executive Officer and the Chairman of the Board, that Peregrine's accounts were going to be electronically monitored. Wasendorf attempted suicide the next day, after penning a statement admitting to embezzling millions of dollars over a 20-year period. He was subsequently arrested, and in September 2012, pled guilty to four criminal charges, including admitting that he embezzled and misappropriated nearly $200 million from Peregrine's segregated customer futures accounts.

As a result of that loss, Peregrine filed for bankruptcy, and Bodenstein was appointed as trustee. Subchapter IV of Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 761–767 governs the bankruptcy of a futures commissions merchant such as Peregrine, and provides for the distribution of "customer property" in priority to all other claims. "Customer property" is defined as including funds received in connection with a commodity contract, 17 C.F.R. § 190.08(a)(1)(i)(A), which in turn is defined in § 761(4) of the Bankruptcy Code. Bodenstein excluded the plaintiffs, Secured Leverage Group, et al., from that priority distribution based on his determination that forex and spot metal transactions did not constitute "commodity contracts" as so defined. The Secured Leverage plaintiffs then filed an adversary complaint against Bodenstein,

challenging that decision. After that adversary proceeding was terminated, another group of customers including Robert Miller and others (the "Miller plaintiffs), filed a class action adversary proceeding against Bodenstein, alleging fraud, breach of fiduciary duty, unjust enrichment, and conversion, and seeking the imposition of a constructive trust. As that claim was filed two years after the bar date for proofs of claim, and involved claims based on facts unrelated to the timely filed contract-based claims, the bankruptcy court dismissed the action as untimely.

On appeal, the plaintiffs in this consolidated action challenge the decisions of the bankruptcy court and the district court. The Secured Leverage plaintiffs assert that: their funds were held in a resulting trust and therefore were not included in the bankruptcy estate; the forex and spot metal contracts constituted commodity contracts under the similar contracts clause, 11 U.S.C. § 761(4)(F)(i); and the bankruptcy court erred in precluding the expert testimony of Martin Doyle. The Miller plaintiffs allege: that the courts erred in holding that the Miller plaintiffs' claim was untimely and did not constitute an amended claim; and that a constructive trust is a proper remedy.

In a thorough and well-reasoned opinion, the district court properly resolved all of those challenges, and nothing that is argued in the briefs to this court leads us to disagree with the district court's analysis. Because we agree with the reasoning and conclusions of the district court as to all of the issues raised on appeal, we hereby adopt the district court's opinion set forth at *Secure Leverage Grp., Inc. v. Bodenstein*, 558 B.R. 226, 231 (N.D. Ill. 2016) as our own in this appeal.

The decision of the district court as to both appeals is AFFIRMED.